UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DAVID LARI,

      Petitioner,

v.                                            Case No. 07-15264
                                            Honorable Anna Diggs Taylor

CAROL HOWES,

      Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT THEREBY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**(2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING**
**AND**
**(3) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY AND APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I.  Introduction**

      James David Lari ("Petitioner"), a state prisoner currently confined at the Saginaw Correctional Facility[1] in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his federal constitutional rights.  On December 14, 1976, Petitioner pleaded guilty but mentally ill to (1) assault with intent to commit murder, MICH.COMP.LAWS § 750.83, and, (2) first-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520(B), in the Wayne County, Michigan, Circuit Court.  On January 7, 1977, Petitioner was sentenced to life imprisonment for those convictions.

---

[1] At the time that Petitioner filed his habeas petition, he was incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan.

In his pleadings, Petitioner asserts that (1) the forensic examiner who examined him was not certified, (2) his guilty plea was illusory, and, (3) trial and appellate counsel were ineffective. Respondent did not file an answer to the petition. Rather, this matter is before the Court on Respondent's "Motion for Summary Judgment" [dkt. # 12], seeking dismissal of the petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court, finding that equitable tolling does not apply, also denies Petitioner's "Motion for Equitable Tolling." (Dkt. # 2.) Additionally, the Court will deny Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Procedural History

On December 14, 1976, Petitioner was convicted of the above-stated charges, following a guilty-but-mentally-ill plea in the Wayne County, Michigan, Circuit Court. After the trial court sentenced Petitioner, he filed an appeal in the Michigan Court of Appeals, which affirmed his convictions and sentence. *People v. Lari*, No. 77-02385 (Mich.Ct.App. Dec. 6, 1978). Petitioner did not file an application for leave to appeal that decision in the Michigan Supreme Court. Rather, Petitioner filed two motions for relief from judgment with the state trial court.

The first motion was filed on November 1, 2000, and was denied on April 26, 2001. *People v. Lari*, No. 76-625151-FA (Wayne County Circuit Court, April 26, 2001). Petitioner did not seek appellate review from that decision. The second motion for relief from judgment was filed on September 26, 2006, and was denied on November 16, 2006. *People v. Lari*, No. 76-625151-FA (Wayne County Circuit Court, Sept. 26, 2006). Subsequently, Petitioner filed an application for leave to appeal that decision in the Michigan Court of Appeals, which was

denied. *People v. Lari*, No. 276252 (Mich.Ct.App. March 1, 2007). Petitioner's motion for reconsideration was also denied. *People v. Lari*, No. 276252 (Mich.Ct.App. April 12, 2007). Following, Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on September 10, 2007, by standard order. *People v. Lari*, 480 Mich. 857, 737 N.W.2d 714 (2007). Petitioner did not file a petition for writ of certiorari from that decision with the United States Supreme Court.

Rather, Petitioner filed the present petition for writ of habeas corpus on November 28, 2007. Respondent did not file an answer but instead filed the instant motion for summary judgment on September 5, 2008, asserting that Petitioner's petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner responded to Respondent's motion with a two-page letter to the Court, which essentially asks the Court to use its discretion and invoke the doctrine of equitable tolling on the basis that the psychologist who examined him was not certified in forensics, thereby permitting the Court to address his petition on the merits. Additionally, when Petitioner filed his petition for writ of habeas corpus, he attached to his petition a "Motion for Equitable Tolling" [dkt. # 2], arguing that equitable tolling should apply to his case because he has met the factors set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

However, after a careful review of the pleadings, the Court finds that Petitioner's argument fails; Petitioner cannot satisfy the factors outlined in *Dunlap*, which would explain why he did not file his petition for writ of habeas corpus until three years after his convictions.

## III. Discussion

## A. Standard of Review–Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of
> >
> > the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, where a petitioner appeals to the Michigan Supreme Court, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." *See* Rule 13(1), Supreme Court Rules. The one-year habeas statute of limitations commences running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. However, tolling is effective only when collateral review is properly sought within the limitations period. This means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *See also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001). This is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Recently, the United States Supreme Court has held that, after completion of state-court

collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079 (2007).

In this case, the Michigan Court of Appeals confirmed Petitioner's convictions and sentences on December 6, 1978. However, where a newly enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run must be given a reasonable time to file suit. *Ochoa v. Hernandez*, 230 U.S. 139 (1912). The Sixth Circuit has held that it is reasonable to allow such a litigant the benefit of a one-year grace period. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999). Petitioner's habeas claims therefore became subject to the AEDPA on April 24, 1996, when the act was signed into law. Accordingly, Petitioner had one year from April 24, 1996–or until April 24, 1997–to file his habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Against that backdrop, the Court finds that Petitioner did not file a timely habeas petition. With regard to the statute of limitations, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). As stated, the limitations period may be tolled by a properly filed motion for post-conviction review. *Artuz*, 531 U.S. at 8; 28 U.S.C. § 2244(d)(2). Petitioner however did not file for post-conviction review until November 1, 2000, three years after the statute of limitations had expired. He contends nevertheless that equitable tolling should apply in his case.

### B. Equitable Tolling

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap*, 250 F.3d at 1008-09, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, Petitioner does not allege that the state created an impediment to the filing of his habeas petition. Rather, he claims that equitable tolling should apply because he has newly discovered evidence; Petitioner argues that this evidence establishes that the person who examined him in 1977 was not a certified forensic examiner. Petitioner alleges that he acquired this new information by sending a letter, on June 10, 2004, to the Department of Community Health and receiving a prompt response on June 24, 2004, that they did not have a record of a "Dr. Singer," who Petitioner named as the person who conducted his forensic examination. However, Petitioner fails to explain why he could not have obtained that

information earlier, and, based on the prompt response, it is apparent to the Court that, with due diligence, he could have received that information years before he did. Additionally, the Court's review of the plea transcripts demonstrates that Dr. Singer was a licensed psychologist in the State of Michigan.

> Q. Are you licensed in your field, Doctor?
> A. Yes, I am. I am licensed as a psychologist in the State of Michigan.
> Q. When had you received your license?
> A. March of 1974.

(Plea Hr'g Tr., pp. 40-67, Dec. 15, 1976.)

On that basis, the Court finds that Petitioner has failed to set forth legitimate circumstances "beyond that litigant's control," *Jurado*, 337 F.3d at 642, which would have caused him to file his habeas petition after the expiration of the one-year limitations period. Furthermore, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Against that backdrop, the Court finds that Petitioner has not presented any evidence to support his contention that he has satisfied the factors as outlined in *Dunlap*, *supra*, and that the statute of limitations should be equitably tolled.

## C. Actual Innocence

Courts have also held that a claim of actual innocence could also equitably toll the statute of limitations period. However, Petitioner makes no claim of actual innocence.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F.Supp.2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In this case, from the evidence submitted, Petitioner has made no such showing. The Court finds that he has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period on a claim of actual innocence. Petitioner's motion for equitable tolling is therefore denied.

## IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [dkt. # 12] is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that Petitioner's "Motion for Equitable Tolling" [dkt. # 2] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

DATED: September 18, 2008             **s/Anna Diggs Taylor**
                                      ANNA DIGGS TAYLOR
                                      UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Opinion and Order and Judgment was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 18, 2008.

James Lari, #147909
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623                    s/Johnetta M. Curry-Williams
                                      Case Manager